**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-6328**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LARRY D. MCCONATHA, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Henry E. Hudson, Senior District Judge. (3:10-cr-00285-HEH-1; 3:16-cv-00482-HEH)

Submitted: September 27, 2018                    Decided: October 12, 2018

Before NIEMEYER, KEENAN, and DIAZ, Circuit Judges.

Affirmed and remanded by unpublished per curiam opinion.

Frances H. Pratt, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Larry D. McConatha, Jr., pled guilty, pursuant to a written plea agreement, to possession with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. § 841 (2012) (Count 1), and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (2012) (Count 3). The district court deemed McConatha both an armed career criminal pursuant to the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1) (2012), and a career offender pursuant to U.S. Sentencing Guidelines Manual § 4B1.1 (2010), based on McConatha's three Virginia statutory burglary convictions and one conviction for possession with intent to distribute cocaine. In 2011, the court sentenced McConatha to 188 months' imprisonment on each count, at the bottom of McConatha's advisory Sentencing Guidelines range, to run concurrently. McConatha did not appeal.

In 2016, McConatha filed a 28 U.S.C. § 2255 (2012) motion through counsel, contending that, pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015), his Virginia statutory burglary convictions no longer constituted ACCA or career offender predicates. The district court rejected McConatha's challenge to his career offender designation but granted relief on McConatha's ACCA claim, determining that *Johnson* and *Castendet-Lewis v. Sessions*, 855 F.3d 253 (4th Cir. 2017), rendered McConatha's ACCA enhancement improper. Finding a full resentencing unnecessary, the court instead reduced the sentence for Count 3 from 188 to 120 months' imprisonment while leaving the concurrent 188-month sentence for Count 1 unchanged. McConatha appeals,

2

contending that the district court abused its discretion by not conducting a full resentencing after granting him partial § 2255 relief.

On appeal, McConatha argues that the district court's order did not place him in the same position as he would have been absent the error. He further alleges that the district court failed to adequately explain its decision to deny a full resentencing because it did not address McConatha's arguments that he no longer qualifies as a career offender under the current Sentencing Guidelines and that the 18 U.S.C. § 3553(a) (2012) factors call for further reduction to his sentence. While McConatha requests a certificate of appealability (COA), he does not need one to pursue his appeal, as he only challenges the district court's denial of resentencing and not its partial denial of his § 2255 motion. *See United States v. Hadden,* 475 F.3d 652, 666 (4th Cir. 2007) (holding that when "petitioner seeks to appeal matters relating to the propriety of the relief granted, he is appealing a new criminal sentence and therefore need not comply with [the] COA requirement [in 28 U.S.C. § 2253 (2012)]").

We review the form of relief awarded by the district court in a successful § 2255 proceeding for abuse of discretion. *Id.* at 667. The district court has broad and flexible power to fashion an appropriate remedy in granting relief on collateral review and, while it is *authorized* to conduct a resentencing in awarding relief under § 2255—it is not *required,* in resolving every § 2255 motion, to conduct a resentencing. *Id.* at 661. Pursuant to § 2255(b), a successful § 2255 proceeding must result in "the vacatur of the prisoner's unlawful sentence . . . and one of the following: (1) the prisoner's release, (2) the grant of a future new trial to the prisoner, (3) or a new sentence, be it imposed by (a) a

3

resentencing or (b) a corrected sentence." *Id.* "[T]he goal of § 2255 review is to place the defendant in exactly the *same* position he would have been had there been no error in the first instance." *Id.* at 665 (internal quotation marks omitted).

The district court did not abuse its discretion in denying McConatha's request for a resentencing. As McConatha concedes, the district court correctly determined that, without the ACCA enhancement, he faced the same Guidelines range due to his career offender status. Thus, the sole harm to McConatha was that, with the ACCA enhancement, he was subjected to a statutory mandatory minimum term of 180 months on Count 3, rather than a statutory maximum term of 120 months. The district court corrected this error by reducing McConatha's term of imprisonment on Count 3 to 120 months, to reflect the fact that he is not an armed career criminal, and reimposing the original sentence on Count 1. Thus, a sentencing hearing was not required under these circumstances. *See id.*

McConatha's contention that the corrected sentence did not place him in the same position as he would have been absent the error because the district court was now free to impose a sentence below the ACCA mandatory minimum term is unavailing. In originally sentencing McConatha on both counts to 188 months' imprisonment—the low end of his Guidelines range—the district court based its sentence on the Guidelines range, rather than the ACCA mandatory minimum term of 180 months. McConatha's arguments regarding the district court's alleged failure to adequately explain its decision are also without merit, as in the absence of a resentencing hearing, the district court was not required to consider "new evidence or any legal argument" for additional reductions

4

to McConatha's sentence. *See id.* at 667. Further, while McConatha does not qualify as a career offender under the current Sentencing Guidelines, *see* USSG § 4B1.2(a), app. C supp., amend. 798 (2016), he is not entitled to application of the current Guidelines, which would place him in a better position than if the error had not occurred in the first place. *See Hadden*, 475 F.3d at 665.

Accordingly, we affirm the district court's order. We remand, however, so that the district court may enter an amended criminal judgment. *See* Fed. R. Crim. P. 36. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED AND REMANDED*